STEELE LLP
John C. Steele, State Bar No. 179875
Tanya C. McCullah, State Bar No. 279614
17272 Red Hill Avenue
Irvine, California 92614
Telephone: 949.222.1161
Fax: 949.221.9500
Email: jsteele@steelellp.com; tmccullah@steelellp.com

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHARLA SIMMONS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as OWNER TRUSTEE for RCF2 ACQUISITION TRUST; SELENE FINANCE, LP, MTC FINANCIAL INC., dba TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-20 et al; John Doe 1-20 et al & Jane Doe 1-20 et al.<br><br>Defendants. | Case No. 3:26-cv-00198-TLT<br><br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' RESPONSE TO PLAINTIFF'S "MOTION FOR DISCOVERY"** |



Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps") respectfully submits this Response to Plaintiff Mharla Simmons' "First Discovery Package," filed as a "First Motion for Discovery" (hereafter, the "Motion").

## I. INTRODUCTION

On February 10, 2026, Plaintiff filed the subject Motion seeking Trustee Corps' response to numerous discovery requests. However, it must be noted that Plaintiff filed her Motion just *seven* days after serving Trustee Corps with this lawsuit. As Plaintiff's "Motion" for discovery is clearly meant to improperly harass Trustee Corps, her Motion should be denied on that basis alone.

In addition, Plaintiff's Motion must be denied because Plaintiff's request for discovery is premature, as no Rule 26(f) conference has yet taken place and no Court order has been issued allowing Plaintiff to obtain early discovery. Moreover, Plaintiff's attempt to obtain early discovery is entirely unnecessary and unjustified, as there is no reason that discovery in this case cannot proceed in an orderly manner without early intervention. Finally, the significant burden and cost Trustee would incur if forced to respond to Plaintiff's numerous early discovery requests would far outweigh any potential benefit to Plaintiff, especially as no Rule 26(f) conference has taken place and no dispositive motions have been filed or resolved. For these reasons, Plaintiff's Motion must be denied.

## II. RELEVANT FACTS

On January 8, 2026, Plaintiff filed a "Civil Complaint for Article III Adjudication, Declaratory Relief, Notice of Removal from Bankruptcy Court" (the "Complaint"). (*See* Docket No. 1). On the following day, January 9, 2026, an Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order") was issued which provided certain deadlines, including a March 24, 2026 deadline to complete a Rule 26(f) conference. (*See* Docket No. 3).[1]  Thereafter, Plaintiff filed a

---

[1] On January 15, 2026, the case was reassigned to Judge Trina L. Thompson (Docket No. 7) and it does not appear that any further orders regarding case related deadlines have been issued. (*See* Docket, generally).

First Amended Complaint ("FAC") on January 15, 2026. (Docket No. 8).

On February 3, 2026, Plaintiff served Trustee Corps with the summons, the Complaint, the FAC and other relevant pleadings (the "Pleadings")(Docket No. 17).

On February 10, 2026, Plaintiff filed the subject Motion seeking discovery from Trustee Corps (as well as other numerous motions for discovery directed to the remaining defendants). (Docket Nos. 21-24).

## III.    PLAINTIFF'S "MOTION" FOR DISCOVERY SHOULD BE DENIED

### A.    Plaintiff's Motion is Premature.

Initially, it must be noted that Plaintiff's "Motion" seeks a significant amount of discovery just *one week* after Trustee Corps was served with the Pleadings. Even if Plaintiff had merely served Trustee Corps with her discovery requests (as opposed to filing her "Motion"), her requests are still extremely premature. Rather than an actual tool to obtain discoverable information, it is clear that Plaintiff's "Motion" for discovery is intended to be unnecessarily aggressive and harassing. For this reason alone, Plaintiff's "Motion" should be denied.

In addition, Plaintiff's "Motion" for discovery is improper. Unless the court orders otherwise, parties may only obtain discovery *after* the Rule 26(f) conference has taken place. Here, no Rule 26(f) conference has been conducted, and no order has been issued by the Court entitling Plaintiff to commence discovery. Per the docket, the parties have at least until March 24, 2026 to conduct a Rule 26(f) conference. (*See* Docket Nos. 3, 7). Given that Trustee Corps and the remaining defendants have only recently been served with the Pleadings and have not yet had an opportunity to file dispositive motions, Plaintiff should *not* be entitled to conduct early discovery and her "Motion" for discovery should be denied. Indeed, discovery should await the Rule 26(f) conference and/or resolution of dispositive motions, as allowing early discovery in this case would circumvent important procedural safeguards, which were arguably put into place to avoid instances of harassment such as this.

///

steele LLP

**B.**     **Early Discovery is Unjustified and Unnecessary.**

To the extent that Plaintiff's "Motion" seeks an order allowing Plaintiff to conduct early discovery, Plaintiff's request unjustified and must be denied. Not only is Plaintiff's Motion devoid of any actual request for an order permitting early discovery, but it also fails to set forth any facts demonstrating that early discovery is necessary or warranted in the instant case. Simply put, there is no reason that discovery in this case cannot proceed in an orderly manner without early intervention. Indeed, there is no justifiable reason why Plaintiff should need to propound such a significant amount of discovery requests at this state of the litigation, except that Plaintiff seeks to harass Trustee Corps and/or obtain some sort of legal advantage. Plaintiff's attempt to obtain early discovery must be denied.

**C.**     **Early Discovery Would Cause Trustee Corps Undue Burden.**

Discovery must be relevant, proportional, and not unreasonably cumulative or duplicative. If early discovery imposes undue burden or expense, the court may limit or deny it. *See* Rule 26(b)(1) and (b)(2). Here, requiring Trustee Corps to respond to Plaintiff's early discovery requests would cause Trustee Corps unnecessary burden and expense, especially given that the parties have not had an opportunity to participate in a Rule 26(f) conference, nor have the parties had a chance to file any dispositive motions. Given that the pleadings are not even close to being set or at issue, the significant burden and cost Trustee Corps would incur if forced to respond to Plaintiff's discovery requests would far outweigh any potential benefit to Plaintiff. Accordingly, Plaintiff's Motion must be denied.

///
///
///
///
///
///



# IV.    CONCLUSION

For all the foregoing reasons, Trustee Corps respectfully requests that Plaintiff's "Motion" for discovery be denied.

DATED: February 18, 2026                    **STEELE LLP**

By: _____
   John C. Steele
   Attorneys for Defendant
   MTC Financial Inc. dba Trustee Corps

# PROOF OF SERVICE

I, Brandon Quon, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to this action.  My business address is 17272 Red Hill Avenue, Irvine, California 92614.  On  February 18, 2026, I served a copy of the following document(s):

**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' RESPONSE TO PLAINTIFF'S "MOTION FOR DISCOVERY"**

■      (ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system:

Peter Winkler, Esq.: winkler@winklerlaw.com  (Counsel for Plaintiff, Mharla Simmons)
Kathryn Anne Moorer, Esq.:  kmoorer@wrightlegal.net (Counsel for Co-Defendants, Selene Finance, LP and U.S. Bank Trust National Association)

☐      By enclosing the documents in an envelope or package provided by an overnight carrier and addressed to the persons below and by placing the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier:

☐      By depositing the document(s) listed above in a sealed envelope with prepaid postage with the United States Postal Service, Irvine, California, or by placing the envelope for collection and mailing following our ordinary business practices.

I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage prepaid.

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

/s/ Brandon Quon
Brandon Quon