**WRIGHT, FINLAY & ZAK, LLP**
Kathryn A. Moorer, Esq. SBN 272801
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050 / Fax: (949) 477-9200
Email: kmoorer@wrightlegal.net

Attorneys for SELENE FINANCE LP and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHARLA SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE LP, ET AL.<br><br>Defendants. | Case No. 26-cv-00198-TLT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY [DKT 21-24]** |

SELENE FINANCE LP ("Selene") and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("USB") (collectively, "Defendants") hereby submit this opposition to Plaintiff MHARLA SIMMONS' ("Plaintiff") motion to serve discovery before FRCP 26(f) conference (the "Motion").

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

First and foremost, Plaintiff's Motion does not provide any basis for seeking discovery prior to initial disclosures and the FRCP 26(f) conference as required. In fact, Plaintiff's "Motion" is not even a motion but, rather, hundreds of pre-mature and procedurally improper discovery demands in violation of FRCP 26(d) that were inexplicably filed in this action. It is Plaintiff's burden is to

1. establish good cause for early discovery and that the necessity of the discovery outweighs any prejudice to the responding party. Plaintiff has not, and cannot, do so. For this reason alone, the Motion should be denied. Second, the Motion was filed mere days after the complaint was served and consist of hundreds of discovery requests clearly meant to harass and overburden Defendants. Third, Plaintiff's allegations against Defendants (which can only be surmised based on Plaintiff's related motion filings) are wholly meritless as Defendants obtained and recorded an in rem relief from stay order allowing them to proceed with the trustee's sale of the subject property. Fourth, Plaintiff is not the borrower under the loan at issue and has no standing to even bring this action nor does she have a right to the disclosure of the borrower's loan documents. In sum, the action is a meritless attempt to interfere with Defendants' contractual rights brought by a non-party to that contract and the discovery is simply a further attempt to harass and burden Defendants. Given the narrow issue of the stay violation, the significant cost and burden to Defendants in responding to the excessive discovery demands, especially prior to the FRCP 26(f) conference and in light of the Court's tentative TRO ruling concerning the merits of the stay violation allegations, far outweighs any potential benefit to Plaintiff. Thus, the Motions should be denied.

## II.  RELEVANT PROCEDURAL HISTORY

On January 8, 2026, Plaintiff filed a "Civil Complaint for Article III Adjudication, Declaratory Relief, Notice of Removal from Bankruptcy Court" (the "Complaint"). [*See* Docket No. 1]. On the following day, January 9, 2026, an Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order") was issued which provided certain deadlines, including a March 24, 2026 deadline to complete a Rule 26(f) conference. (*See* Docket No. 3). Thereafter, Plaintiff filed a First Amended Complaint ("FAC") on January 15, 2026. [Docket No. 8].

On February 3, 2026, Plaintiff purportedly served Defendants with the summons, the Complaint, the FAC and other relevant pleadings (the "Pleadings") [Docket No. 17].[1]

On February 10, 2026, Plaintiff filed the subject Motion, which consists of hundreds of discovery demands and a purported deposition notice (with no deposition date) seeking discovery

---

[1] Defendants only received a copy of the original complaint.

from Defendants relating to the stay violation and the borrower's loan in general. [Docket Nos. 21-24]. Plaintiff herein is not the borrower under the loan as evidenced by her filings int his action.

### III.   ARGUMENT

**A.   Plaintiff's "Motion" is Premature and Offers No Reason Why Discovery is Necessary Prior to the FRCP 26(F) Conference.**

"Under FRCP 26(d)(1), discovery is not permitted without a court order prior to a conference between the parties as required by FRCP 26(f) . . . ." *AF Holdings LLC v. DOES 1-96*, 2011 U.S. Dist. LEXIS 109816, 2011 WL 4502413 (N.D. Cal. 2011); *See also*, Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.") "By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). "Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference." *Id.* at 499. A Rule 26(f) scheduling conference has not been held, and discovery is not yet open. See *Xcentric Ventures, LLC v. Richeson*, 2010 U.S. Dist. LEXIS 130640, 2010 WL 5276950 (D. Ariz. 2010) (holding that prior to a Rule 26(f) conference, a request for discovery was propounded "before the Federal Rules of Civil Procedure permitted [the plaintiff] to do so."); *Semitool, Inc. v. Tokyo Electron American, Inc.,* 208 F.R.D. 273, 275 (N.D. Cal. 2002) ("discovery is not permitted without a court order prior to a conference between the parties as required by FRCP 26(f)").

The Court may authorize early discovery before the Rule 26(f) conference if the requesting party establishes "good cause" for the early discovery. *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party." *Id.* The decision whether or not to grant early discovery under Rule 26(d) is within the Court's discretion. *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) ("We review district court rulings on discovery matters for abuse of discretion.") Further, a decision to deny early discovery

under Rule 26(d) "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, 811 F. App'x 422, 424 (9th Cir. 2020) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). In evaluating a motion for expedited discovery, the District Court in *Med Vets* considered the following factors to determine whether good cause exists to justify the requested early discovery: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, No. 18-CV-02054-MMC, [Dkt. 45] at *3 (N.D. Cal. Nov. 28, 2018) (quoting *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 1086, 1099 (N.D. Cal. 2012)). The Ninth Circuit affirmed the District Court's decision on the request for expedited discovery. *Med Vets*, 811 F. App'x at 424.

Here, the no Rule 26(f) conference has been conducted, and no order has been issued by the Court entitling Plaintiff to commence discovery. Per the docket, the parties have at least until March 24, 2026 to conduct a Rule 26(f) conference. Given that Defendants have only recently obtained copies of the relevant pleadings and have not yet had an opportunity to file dispositive motions, Plaintiff should *not* be entitled to conduct early discovery and her "Motion" for discovery should be denied. Indeed, discovery should await the Rule 26(f) conference and/or resolution of dispositive motions, as allowing early discovery in this case would circumvent important procedural safeguards, which were arguably put into place to avoid instances of harassment such as this. Further, ***Plaintiff offers no reason why early discovery should be permitted in this action.*** It is Plaintiff's burden is to establish good cause for early discovery and that the necessity of the discovery outweighs any prejudice to the responding party. Plaintiff has not, and cannot, do so. Indeed, Plaintiff's intentions are clear given that Plaintiff's "Motion" is not even a motion but, rather, hundreds of pre-mature and procedurally improper discovery demands inexplicably filed in this action. Plaintiff made no attempt to meet and confer with any defendant and the demands are excessive in light of the narrow issue before the court concerning the alleged stay violation, which is meritless as discussed below. For this reason alone, Plaintiff's Motion should be denied.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY [DKT 21-24]

B. **The Action is Meritless Because Relief from Stay was Granted Pursuant to 11 U.S.C. § 326(D)(4) Because Repeated Bankruptcy Petitions Were Filed as Part of a Scheme to Hinder, Delay and Defraud Defendants.**

The thrust of Plaintiff's action is an alleged violation of bankruptcy stay via the foreclosure sale conducted by Defendants on January 20, 2026. However, these allegations are legally and factually meritless given that Defendants had an in rem relief from stay order which attached to the real property at issue. 11 USC § 362(d)(4) permits the bankruptcy court to grant in rem relief from the automatic stay to address schemes using multiple bankruptcy filings and unauthorized transfers of interests in real property to thwart a secured creditor's legitimate foreclosure efforts with respect to real property. *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 871. To obtain relief under § 362(d)(4), the court must find that three elements are present. *Id.* at 870. First, the bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. *Id.*

Here, the Hon. Judge William J. Lafferty, III found these elements to be present and granted Defendants' in rem motion for relief from stay. [RJN, Exhibit 1]. The in rem order was recorded on November 14, 2025 and specifically provides that, if recorded, ***"the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of entry of the order by the court."*** [Id. (emphasis added)]. Neither Plaintiff nor the borrower (who is not a party to this action) has successfully sought to set aside this order and, therefore, Plaintiff's January 5, 2026 bankruptcy filing did not preclude the January 20, 2026 foreclosure sale as a matter of law nor was the sale a violation of any automatic stay.

Unlike orders granting stay relief under § 362(d)(1), (2), or (3), "[a]n order entered under § 362(d)(4) has [more] serious implications." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai),* 499 B.R. 698, 703 (9th Cir. BAP 2013). Not only does the § 362(d)(4) order grant stay relief to the moving party in the immediate bankruptcy case, but it may also give the moving party stay relief in subsequent bankruptcy cases. "What follows from recording the order, as a matter of

law, is that the bankruptcy court's order will be effective for cases purporting to affect the same real property that are filed up to two years after entry of the order." *In re Van Ness,* 399 B.R. 897, 902 (Bankr.E.D.Cal.2009). Further, the § 362(d)(4) order will apply to cases involving not only the prior debtors but new debtors as well. If recorded, the order "binds any party asserting an interest in the affected property, including every non-debtor, co-owner, and subsequent owner of the property ..., whether or not they are in privity with the debtor." *Alakozai,* 499 B.R. at 704. Accordingly, Plaintiff's allegations fail as a matter of law which is further evidenced by the Honorable Trina L. Thompson's tentative ruling on Plaintiff's request for a temporary restraining order. [Docket 32]. Indeed, it is highly likely that this action will be dismissed prior to the FRCP 26(f) conference.

C. **Plaintiff Lacks Standing to Challenge the Loan and the Foreclosure Because She is not the Borrower and the Discovery Sought Violates the Borrower's Privacy Rights**

A plaintiff's standing to sue is fundamental to federal court jurisdiction -- absent standing, there is no case or controversy under Article III of the Constitution. *United States v. Hays,* 515 U.S. 737, 742 (1995). It is Plaintiff's burden to establish standing. Generally, "[a] person who is not a party to a contract does not have standing either to seek its enforcement or to bring tort claims based on the contractual relationship." *Ambers v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 28291, at *13 (N.D. Cal. Mar. 3, 2014) (citing *Mega Life & Health Ins. Co. v. Super. Ct.*, 172 Cal. App. 4th 1522, 1528-32 (Cal. Ct. App. 2009)). Accordingly, courts have dismissed wrongful foreclosure-based claims, like Plaintiff's, by persons who were not parties to the loan. *Green v. Cent. Mortg. Co.*, 2015 U.S. Dist. LEXIS 117241, *15-16 (N.D. Cal 2015) (dismissing negligent misrepresentation, fraud, wrongful foreclosure, unfair business practices, cancellation of instruments and declaratory relief causes of action for lack of standing); s*ee also, e.g., Cabrera v. Countrywide Fin.*, 2012 U.S. Dist. LEXIS 156310, at *21-22 (N.D. Cal. Oct. 30, 2012) (even though the plaintiff had community property rights in her home, the plaintiff lacked standing to bring civil RICO, ECOA, and UCL claims because she was not a signatory to the loan); *Thomas v. Guild Mortg. Co.*, 2011 U.S. Dist. LEXIS 17814, at *10-11 (D. Ariz. Feb. 23, 2011) (because it was the plaintiff's daughter—and not the plaintiff—who was a party to the loan, the plaintiff lacked standing to bring TILA, RESPA, Home Ownership and Equity Protection Act, and civil RICO claims arising from the defendant's

foreclosure on property securing that loan); *Brockington v. J.P. Morgan Chase Bank, N.A.*, 2009 U.S. Dist. LEXIS 56622, at *9 (N.D. Cal. July 1, 2009) (non-party to a loan "has no standing to challenge defendant's conduct in connection with extending the mortgage loan"); *Cleveland v. Deutsche Bank Nat'l Trust Co.*, 2009 U.S. Dist. LEXIS 7165, 2009 WL 250017, at *2 (S.D. Cal. Feb. 2, 2009) (because the plaintiff's wife—and not the plaintiff—was the "borrower" on the loan, the plaintiff did not have standing to assert claims for violation of TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, quiet title, and declaratory relief based on the defendants' foreclosure on property securing that loan); *Gantman v. United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (1991) ("Someone who is not party to a contract has no standing to enforce the contract") (internal quotation marks and modifications omitted); Cal. Jur. 3d Contracts § 381 (2014) ("A party who is not a party or privy to a contract cannot show a wrong done to him or her for breach of any duty arising out of the contractual relation"); *see also*, 13 Williston on Contracts § 37:1 (4th ed.) ("It is essential to the maintenance of an action on any contract that there should subsist a privity between plaintiff and defendant in respect of the matter sued on") (internal quotation marks omitted). Accordingly, a non-party to a contract does not have standing in federal court to sue for breach of that contract or related torts arising from the contractual relationship.

As evidenced by the loan documents attached to Plaintiff's pleadings, **Plaintiff is not a party to the loan contract** and, therefore, has no standing to assert any claims against Defendants arising thereunder. Moreover, Plaintiff's discovery seeks extensive records relating to the borrower's loan which violates the borrower's right to privacy in her financial information. While California recognizes a right of privacy in financial information, banking information is not wholly privileged. Instead, courts balance "the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." *Valley Bank of Nevada v. Superior Court,* 15 Cal.3d 652, 657, (1975); *Fortunato v. Superior Court,* 114 Cal.App.4th 475, 481 (2003). In striking this balance, "the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality." *Valley Bank,* 15 Cal.3d at 658. In this case, the gist of Plaintiff's allegations is an alleged bankruptcy stay violation and the relevant facts are the foreclosure sale and

the bankruptcy order which no party in this action disputes. Further, no party disputes that the borrower defaulted on the loan triggering the foreclosure sale. Accordingly, the disclosure of the borrower's personal financial records relating to the loan is wholly unnecessary and said documents and information is both irrelevant to this action and privileged.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

WRIGHT, FINLAY & ZAK, LLP

Dated: February 18, 2026          By: _____
                                  Kathryn Moorer, Esq.
                                  Attorneys for Defendants SELENE FINANCE LP
                                  and U.S. BANK TRUST NATIONAL
                                  ASSOCIATION, NOT IN ITS INDIVIDUAL
                                  CAPACITY BUT SOLELY AS OWNER
                                  TRUSTEE FOR RCF 2 ACQUISITION TRUST

**PROOF OF SERVICE**

I, Debbi Bosman, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the U.S. Postal Service. Such correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 18, 2026, I served the within **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY [DKT 21-24]** on all parties in this action as follows:

[] by placing [] the original [] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Peter Winkler
Attorney at Law
104-A Main Street
Tiburon, CA 94920
T: 415.435.2677
Email: winklerlaw9@gmail.com
*Attorney for Plaintiff Mharla Simmons*

John C. Steele, Esq.
Tanya C. McCullah, Esq.
17272 Red Hill Avenue
Irvine, California 92614
T: 949-222-1161 / F: 949-221-9500
Email: jsteele@steelellp.com; tmccullah@steelellp.com
*Attorneys for Defendant MTC Financial Inc. dba Trustee Corps*

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2026, at Newport Beach, California.

*Debbi Bosman*
_____
Debbi Bosman

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY [DKT 21-24]