UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MHARLA SIMMONS,

    Plaintiff,

v.

SELENE FINANCE, LP, et al.,

    Defendants.

Case No. 26-cv-00198-TLT

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 43, 44, 45, 46

On January 8, 2026, Plaintiff Mharla Simmons ("Plaintiff") filed a civil complaint, motion for declaratory relief, and notice of removal from bankruptcy court asserting jurisdiction under 28 U.S.C. § 1334(a). ECF 1. Subsequently, on January 12, 2026, Plaintiff filed a renewed motion for declaratory relief in the form of a temporary restraining order and preliminary injunction to prevent Defendants Selene Finance LP ("Selene"), U.S. Bank Trust National Association ("US Bank"), MTC Financial Inc. dba Trustee Corps' ("Trustee Corps") (collectively, "Defendants") from carrying out a foreclosure sail on real property located at 1225 Fallon St Oakland, CA 94612 (the "Property") set to occur on January 13, 2026. ECF 4.

The case was reassigned to this Court on January 15, 2025, thus rendering Plaintiff's initial request for declaratory relief moot. ECF 7.

On January 15, 2026, Plaintiff filed an amended complaint against all Defendants. ECF 8. The specific causes of action raised by Plaintiff and the underlying facts giving rise to the causes of action is unclear, however, Plaintiff asserts that the case "is an action challenging any and all debts alleged debt underlying the bankruptcy proceeding, based upon the mandatory at-par reception doctrine established by Acts of Congress, the conversion of consumer installment agreements into accords by operation of law upon deposit with the Federal Reserve, and the

criminal deprivation of constitutionally secured rights under color of law by judicial officers who refuse to acknowledge these statutory mandates." *Id*. at 2.

On January 21, 2026, Plaintiff filed a second motion for declaratory relief requesting an order (1) vacating the sale of the Property; (2) declaring the sale void; (3) enjoining MTC Financial Inc., dba Trustee Corps (and all other defendants) from taking any further action with respect to the foreclosure sale, eviction, or transfer of the subject property, pending a final determination on the merits; (4) authorizing substituted service of the Summons and Complaint; (5) imposing Rule 11 sanctions on Defendants for conduct which occurred during an automatic stay; (6) continuing the automatic stay imposed by 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(e) until further order of this Court or for a period of ninety (90) days; and (7) awarding reasonable costs and attorney's fees. ECF 9 at 2.

On January 21, 2026, the Court set a briefing schedule on Plaintiff's request for declaratory relief, denied Plaintiff's application for temporary restraining order without prejudice, and requested clarity as to the grounds for Plaintiff's assertion of an automatic stay on actions taken on the Property. ECF 10 at 2. Plaintiff provided a response to the Court's inquiry on January 23, 2026. ECF 11.

Based on Plaintiff's representations that the automatic stay introduced by the initiation of bankruptcy proceedings concerning the same underlying property remained in effect, the Court granted-in-part Plaintiffs TRO application enjoining Defendants from acting to obtain possession of the Property, enforce a lien on the Property, or collect a claim. ECF 16.

Plaintiff was ordered to provide notice of the complaint, the motion for temporary restraining order, and this Order to Defendants by February 6, 2026. *Id*. at 2. Defendants were ordered to respond to Plaintiff's motion by February 10, 2026, at 5:00 p.m. and show cause as to why a preliminary injunction should not issue. *Id*. Plaintiff was ordered to reply by February 13, 2026.

After Defendants were served, counsel for Defendants requested from Plaintiff copies of the pleadings filed in this action—as the Court had ordered Plaintiff to do. *See* Declaration of Kathryn A. Moorer in support of Opposition ("Moorer Decl."), ¶ 8–12. Plaintiff appears to have

declined Defendants' request. *Id*. Thus, while some pleadings from the docket were available, Defendants were unable to access the temporary restraining order application. *Id*. Accordingly, Defendants filed their motion in opposition to the request without the benefit of reading its content. *Id*. The only item served directly on Defendants (not through counsel) was a copy of the original Complaint. Moorer Decl. ¶ 12.

The Court held a hearing on Plaintiff's request for declaratory relief on Tuesday, February 17 at 11:00 a.m. in-person before Judge Thompson in Courtroom 9, 450 Golden Gate Ave., San Francisco, CA 94102.

After the hearing and after Defendants' request that the Court consider sanctions against Plaintiff and Plaintiff's counsel for a frivolous pursuit of sanctions against Defense counsel, the Court dismissed Plaintiff's action with prejudice. ECF 41. The Court had found that Plaintiff's requested relief and Plaintiff's motion for sanctions were legally and factually baseless, and that Plaintiff had failed to engage in a reasonable inquiry with respect to the underlying facts supporting Plaintiff's filings. *Id.*

Subsequently, on March 5, 2026, Plaintiff filed four motions: a motion for reconsideration, ECF 43, an emergency motion for stay pending appeal, ECF 44, a motion to dismiss for lack of jurisdiction, ECF 45, and a petition for declaration of due process violations, ECF 46. On the same day Plaintiff made three additional filings in support: a series of exhibits to support the motions, ECF 42, a declaration in support of the motions, which ECF indicates includes a motion for new trial, ECF 47, and a brief regarding the exhibits provided at ECF 42, ECF 48. Plaintiff requested that these matters be set for hearing on March 12, 2026.

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(1) it is not being presented for any improper purpose, ... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if

specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[ ]

Fed. R. Civ. P. 11(b). When a court chooses to impose Rule 11 sanctions sua sponte, notice and an opportunity to be heard must be given to the attorneys subject to the sanctions. *See Navellier v. Sletten*, 262 F.3d 923, 943 (9th Cir.2001).

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact', has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). This test is objective. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Thus, "if an independent examination reveals 'some credible evidence' in support of a party's statements," a court can conclude a claim is well grounded in fact. *Himaka v. Buddhist Churches of America*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)). In contrast, an action is "not 'warranted by law' where no 'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing *Zaldivar*, 780 F.2d at 829, 833); *see Integrated Cir. Sys., Inc. v. Realtek Semiconductor Com., Ltd.*, No. 00-cv-4035, 2002 WL 532122, at *3 (N.D. Cal. Apr. 5, 2002) ("When considering whether Rule 11 sanctions should be imposed, a court should consider whether a position taken was 'frivolous,' 'legally unreasonable,' or 'without factual foundation, even if not filed in subjective bad faith.'") (citation omitted). This Court may make a finding of improper purpose after conducting its own review of the facts and the law, and "[w]here there is no legal or factual basis for a claim, improper purpose may be deduced." *Id.*

The rule also permits sanctions against a party "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 adv. cmte. notes (1993). A litigant's obligations therefore "are not measured solely as of the time" of filing; they extend throughout the litigation. *Id.*; *see also Buster v. Greisen*, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997), *abrogated on other grounds by Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 n.4, 217-18 (2004). The standard is objective, though a court may look to whether there is "a pattern of activity" or just "an isolated event." Fed. R. Civ. P. 11 adv. cmte. notes (1993); *Kinney v. Bridge,* No. 3:16-CV-03211, 2017 WL 130240, at *2

(N.D. Cal. Jan. 13, 2017).

The Court may also impose Rule 11 sanctions on its own initiative, Fed. R. Civ. P. 11(c)(2)–(3), in the form of "a penalty payable to the court," Fed. R. Civ. P. 11 adv. cmte. notes (1993). Litigants must have "notice of the alleged violation and an opportunity to respond before sanctions are imposed." Fed. R. Civ. P. 11 adv. cmte. notes (1993). "[U]nlike the situation in which an opposing party moves for Rule 11 sanctions – there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings" when a court considers issuing sanctions *sua sponte*. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (citation omitted). In light of this distinction, sanctions issued *sua sponte* under Rule 11 "will ordinarily be imposed only in situations that are akin to a contempt of court." *Id.* at 1116; *Oneto v. Watson*, 808 F. Supp. 3d 974, 979 (N.D. Cal. 2025). This is a higher bar than that for granting a motion for sanctions. *See United Nat. Ins. Co.*, 242 F.3d at 1115-16.

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Oneto v. Watson*, 808 F. Supp. 3d 974, 979 (N.D. Cal. 2025) (citations omitted). "It is critical ... that the sanctioning court embrace the overriding purpose of deterrence and mold its sanctions in each case so as to best implement that policy." *In re Yagman,* 796 F.2d 1165, 1184 (9th Cir.1986). *Sua sponte* sanctions are limited to fines payable to the court or "directives of a nonmonetary nature." Fed.R.Civ.P. 11(c)(2).

**II.   DISCUSSION**

As the Court explained in its Order on February 23, 2026, the Court denied Plaintiff's request for injunctive relief because the Court was presented with a valid *in rem* relief order from William J. Lafferty, III, a U.S. Bankruptcy Judge in the Northern District of California regarding the Property at issue.

Among other things, Plaintiffs filings contain the following assertions:

- "Standing is a constitutional prerequisite under Article III. Respondents failed to produce any evidence of ownership, injury, or the existence of an outstanding

obligation. Without standing, the Court lacked jurisdiction to rule on the preliminary injunction or issue any order. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)." ECF 45 at 2.

- "No jurisdiction existed at any point." ECF 42 at 75, Ex. O.
- "Every jurisdictional element failed: standing, evidence, controversy, findings, statutory adherence, and federal-question adjudication. This omission is a structural due-process violation, not mere harmless error." ECF 45 at 7
- "No statutory analysis, no factual findings, no legal reasoning, and no treatment of federal questions appear in the February 23, 2026 order." ECF 46 at 2.
- "[S]tructural due-process violations are present here: the February 23, 2026 order contains no findings, no conclusions, and no reasoned adjudication of the federal questions raised." *Id.*
- "Order contains no findings, no conclusions, and no analysis." ECF 42 at 74, Ex. O.

For the purpose of this order to show cause, Plaintiff's filings appear to argue that the Court lacked jurisdiction to deny the injunction due to Defendants' lack Article III standing. The cases cited in support of Plaintiff's jurisdictional argument, however, illustrate the Supreme Court's treatment of the issue of a *plaintiff's* Article III standing. Here, Plaintiff brought Defendants to court by suing Defendants. Mr. Winkler should explain how Article III standing is absent in a case where the Plaintiff herself alleges that she has a concrete, particularized injury but alleges that Defendants do not suffer an injury. Mr. Winkler shall provide the Court with a tenable legal argument to demonstrate that jurisdiction is at issue here for Defendants' Article III standing, he shall explain what that means and demonstrate that these filings were not frivolous. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (noting that a filing may be frivolous if it is "both baseless and made without a reasonable and competent inquiry").

Moreover, Plaintiff appears to argue that the Court made no findings, no conclusions, no legal reasoning, and no discussion of federal questions in its February 23, 2026 Order. Below is an

excerpt of the Court's Order from February 23, 2026:

> In 2005, Congress created special relief for creditors when 11 U.S.C. § 362(d)(4) ("Section 362(d)(4)") was added to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). *Miller v. Deutsche Bank Nat'l Tr. Co.*, No. 13-cv-03106, 2013 WL 6502498, at *2 (N.D. Cal. Dec. 11, 2013) (citing *In re Alakozai*, 499 B.R. 698 (9th Cir.B.A.P.2013). Section 362(d)(4) "permits the bankruptcy court to grant so-called 'in rem' relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property or ... multiple bankruptcy filings affecting the subject in rem property." *Id*. By seeking relief under § 362(d)(4), the creditor requests specific prospective protection against not only the debtor, but also every non-debtor, co-owner, and subsequent owner of the property." *In re Alakozai*, 499 B.R. 698. The filing of another bankruptcy case does not affect the order granting relief from the automatic stay. *Id.* (citing 11 U.S.C. §§ 362(b)(20), 362(d)(4)); *see also In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870 (9th Cir.B.A.P.2012) ("If the court's order granting relief under § 362(d)(4) is recorded in compliance with applicable state law, it is binding in any other bankruptcy case filed in the next two years purporting to affect the same real property"). "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Cady*, 266 B.R. 172, 178 (B.A.P. 9th Cir. 2001), *aff'd*, 315 F.3d 1121 (9th Cir. 2003) (citing *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 572 (9th Cir.1992). "By annulling the automatic stay, a court can validate an otherwise invalid transaction." *Id*. (citing *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1425 (9th Cir.1985)).
>
> The Court's Order at ECF 16 was premised on Plaintiff's representation that a valid stay of action against the disputed Property was in place pursuant to 11 U.S.C. § 362(a). Further briefing on the matter revealed that Defendants Selene and US Bank obtained a binding stay relief order under 362(d)(1) and (d)(4) to prevent Tamara Reeder and Plaintiff from continuing to prevent the foreclosure which occurred here. ECF 25 at 3. The bankruptcy court could not have issued the in rem order unless it found that the filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved either the transfer of all or part ownership of the real property or multiple bankruptcy filings affecting the real property. 11 U.S.C. § 362(d)(4). The proper channel for Plaintiff to direct her protest of Judge Lafferty's *in rem* relief order is either (1) a motion in a subsequent bankruptcy under 11 USC § 362(d)(4) or (2) an appeal of the *in rem* order. Plaintiff has pursued neither form of relief. "To the extent Plaintiff challenges the factual findings made by the bankruptcy court to support its in rem order, her challenge amounts to a collateral attack of a final order." *Miller v. Deutsche Bank Nat'l Tr. Co.*, No. 13-cv-03106, 2013 WL 6502498, at *3 (N.D. Cal. Dec. 11, 2013) (citing In re Alakozai, 499 B.R. 698.) "A final order of a federal court may not be collaterally attacked." *Id*. "The grant or denial of a motion for relief from the automatic stay is a final order." *Samson v. W. Capital Partners, LLC* (*In re Blixseth*), 684 F.3d 865,

866 n.1 (9th Cir.2012).  Therefore, the in rem order "entered under § 362(d)(4) is effective as to anyone holding any interest in the Property, whether or not they are in privity with the debtor." *Miller*, 2013 WL 6502498, at *3.

Because Defendants had an *in rem* order providing relief from the automatic stay that was recorded in accordance with state law, Plaintiff's claims fail as a matter of law. *Id*. "As Plaintiff[] must make a showing on all four required prongs for a [preliminary injunction], the failure to make a showing as to any one prong defeats Plaintiff's Motion." *Rosen v. Urb. Commons, LLC*, No. 20-cv-01973, 2022 WL 2079332, at *2 (C.D. Cal. May 10, 2022).  For the reasons stated above, the Court finds that Plaintiff's claims fail as a matter of law; accordingly, the Court analyzes denies Plaintiff's request for preliminary injunctive relief on that ground that she has not demonstrated a likelihood of success.

Above, the Court provides legal reasoning, statutory analysis, analysis of federal questions, and, in other portions of the Order, makes factual findings in addition to the factual findings the Court made on the record during oral argument on February 17, 2026.  Mr. Winkler shall explain why the assertion that this Court violated Plaintiff's due process rights by providing no findings, no conclusions, and no analysis in the Court's February 23, 2026, Order is not sanctionable under Rule 11 as not well-grounded in fact nor supported by a colorable legal basis.

Finally, pursuant to a pattern of activity recognized by this Court, Plaintiff appears to be "insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11.  Plaintiff continues to ask the Court to "stay of all foreclosure activity, eviction efforts, collection actions, or property transfers, pending resolution of the appeal." ECF 44 at 5.  The Court has already declined to do so and provided its reasoning on February 23, 2026. These findings also weigh in favor of sanctions and shall be addressed by Mr. Winkler.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Mr. Winkler to show cause within fourteen (14) days why the Court should not impose *sua sponte* sanctions under Rule 11.  Mr. Winkler's response should be provided to the Court in **a singular filing** limited to **four pages**.

The Court **VACATES** the hearing set for March 12, 2026, and sets a hearing on this Order to Show Cause for **Tuesday, March 24, 2026, in-person at 11:00 AM in San Francisco, Courtroom 09, 19th Floor before Judge Trina L Thompson.** *See Hudson v. Moore Bus. Forms,*

*Inc.*, 898 F.2d 684, 686 (9th Cir.1990) (due process satisfied when "[t]he district court held a full sanctions hearing and was intimately familiar with the sanctioned conduct and the lawyers involved.")

The Court also **INFORMS** Mr. Winkler that, should he wish to provide evidence about his financial position for the Court to consider, now is the time. *See* Fed. R. Civ. P. 11 adv. cmte. notes (1993) (permitting consideration of "the financial resources of the responsible person" for sanction amount).

IT IS SO ORDERED.

Dated: March 6, 2026

TRINA L. THOMPSON
United States District Judge