UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHARLA SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, et al.,<br><br>Defendants. | Case No.  26-cv-00198-TLT<br><br>**ORDER DENYING PLAINTIFF'S PENDING MOTIONS AND SANCTIONING PLAINTIFF'S COUNSEL, PETER WINKLER**<br><br>Re: Dkt. Nos. 43, 44, 45, 46, 49, 51, 58, 59 |

This action was terminated on February 23, 2026.  Subsequently, on March 5, 2026, Plaintiff filed four motions: a motion for reconsideration, ECF 43, an emergency motion for stay pending appeal, ECF 44, a motion to dismiss for lack of jurisdiction, ECF 45, and a petition for declaration of due process violations, ECF 46. On the same day Plaintiff made three additional filings in support: a series of exhibits to support the motions, ECF 42, a declaration in support of the motions, which ECF indicates includes a motion for new trial, ECF 47, and a brief regarding the exhibits provided at ECF 42, ECF 48.

On March 6, 2026, the Court ordered Plaintiff's Counsel, Peter Winkler, to show cause why sanctions should not issue for (1) Plaintiff's argument that the Court lacked jurisdiction based on Defendants' standing; (2) the assertion that the February 23 Order contained no factual findings, no legal reasoning, no statutory analysis, and no treatment of federal questions; and (3) insisting upon a position the Court deems untenable.  The Court's request was made in the context of a pattern of activity of maintaining unfounded claims and misleading this Court and the Bankruptcy Court in proceedings before Judge William J. Lafferty about the record.

The Court incorporates by reference the background and procedural history as provided in ECF 51, the Court's Order to Show Cause issued on March 6, 2026.  Winkler filed his response to

United States District Court<br>Northern District of California

the Court's Order to Show Cause on March 30, 2026.  In the Court's Order to Show Cause, the Court requested that Mr. Winkler's response be limited to a four-page response contained in a singular filing.  ECF 51 at 8. Mr. Winkler made two separate filings; one containing a five (5) page response and twenty-one (21) pages of supplemental legal arguments and points of authority, and thirty-one (31) pages of exhibits; the second filing contained eleven (11) additional pages of supplemental authority. ECF 58; ECF 59.

For the reasons stated below, the Court imposes sanctions against Winkler pursuant to Federal Rule of Civil Procedure 11.

## I.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(1) it is not being presented for any improper purpose, ... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[ ]

Fed. R. Civ. P. 11(b). When a court chooses to impose Rule 11 sanctions sua sponte, notice and an opportunity to be heard must be given to the attorneys subject to the sanctions. *See Navellier v. Sletten*, 262 F.3d 923, 943 (9th Cir.2001).

"Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact', has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). This test is objective. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Thus, "if an independent examination reveals 'some credible evidence' in support of a party's statements," a court can conclude a claim is well grounded in fact. *Himaka v. Buddhist Churches of America*, 917 F. Supp. 698, 710 (N.D. Cal. 1995) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)). In contrast, an action is "not 'warranted by law' where no

United States District Court
Northern District of California

'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing *Zaldivar*, 780 F.2d at 829, 833); *see Integrated Cir. Sys., Inc. v. Realtek Semiconductor Com., Ltd.*, No. 00-cv-4035, 2002 WL 532122, at *3 (N.D. Cal. Apr. 5, 2002) ("When considering whether Rule 11 sanctions should be imposed, a court should consider whether a position taken was 'frivolous,' 'legally unreasonable,' or 'without factual foundation, even if not filed in subjective bad faith.'") (citation omitted).  This Court may make a finding of improper purpose after conducting its own review of the facts and the law, and "[w]here there is no legal or factual basis for a claim, improper purpose may be deduced." *Id.*

The rule also permits sanctions against a party "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 adv. cmte. notes (1993). A litigant's obligations therefore "are not measured solely as of the time" of filing; they extend throughout the litigation. *Id.*; *see also Buster v. Greisen*, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997), *abrogated on other grounds by Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 n.4, 217-18 (2004). The standard is objective, though a court may look to whether there is "a pattern of activity" or just "an isolated event." Fed. R. Civ. P. 11 adv. cmte. notes (1993); *Kinney v. Bridge,* No. 3:16-CV-03211, 2017 WL 130240, at *2 (N.D. Cal. Jan. 13, 2017).

The Court may also impose Rule 11 sanctions on its own initiative, Fed. R. Civ. P. 11(c)(2)–(3), in the form of "a penalty payable to the court," Fed. R. Civ. P. 11 adv. comet. notes (1993).  Litigants must have "notice of the alleged violation and an opportunity to respond before sanctions are imposed." Fed. R. Civ. P. 11 adv. cute. notes (1993). "[U]nlike the situation in which an opposing party moves for Rule 11 sanctions – there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings" when a court considers issuing sanctions *sua sponte. United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001) (citation omitted). In light of this distinction, sanctions issued *sua sponte* under Rule 11 "will ordinarily be imposed only in situations that are akin to a contempt of court." *Id*. at 1116; *Oneto v. Watson*, 808 F. Supp. 3d 974, 979 (N.D. Cal. 2025).  This is a higher bar than that for granting a motion for sanctions. *See United Nat. Ins. Co.*, 242 F.3d at 1115-16.

United States District Court
Northern District of California

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Oneto v. Watson*, 808 F. Supp. 3d 974, 979 (N.D. Cal. 2025) (citations omitted). "It is critical ... that the sanctioning court embrace the overriding purpose of deterrence and mold its sanctions in each case so as to best implement that policy." *In re Yagman,* 796 F.2d 1165, 1184 (9th Cir.1986). *Sua sponte* sanctions are limited to fines payable to the court or "directives of a nonmonetary nature." Fed. R. Civ. P. 11(c)(2).

### B.    Sanctions Against Mr. Winkler Are Warranted

The Ninth Circuit has concluded that sanctions "are available if the court specifically finds bad faith or conduct tantamount to bad faith" by an attorney. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Rocha v. Fiedler*, 2025 WL 1219007 at *1 (9th Cir. Apr. 28, 2025) (same standard under Fed. R. Bankr. P. 9011); *Arrowhead Capital Finance, Ltd. v. Picturepro, LLC*, 2023 WL 109722 at *2 (9th Cir. Jan. 5, 2023) (same; affirming discovery sanction award). The "tantamount to bad faith" standard includes "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994.

Here, the Court provided Winkler with notice and an opportunity to be heard both in writing and at a hearing on why sanctions should not be issued. During the hearing, some facts became clear which were absent from any of Plaintiff's filings. For example, the Court learned that Mr. Winkler works with a team of four legal assistants, two of whom have their real estate license, one of whom is an attorney not licensed to practice law in California, and a fourth who appeared with Mr. Winkler at the order to show cause hearing.  Mr. Winkler indicated that his team, some of whom he has had minimal, if any, interactions with, uses artificial intelligence to help draft their filings.  While he indicated that he does review filings before authorizing his signature and submitting them in court, he admitted to sometimes reading too quickly and submitting filings which may not be supported in fact or law.  When asked about Plaintiff's motion to dismiss for lack of jurisdiction, ECF 45, Mr. Winkler was unable to articulate the

4

argument contained in that filing and indicated that he was generally unaware of this filing.  Mr. Winkler's conduct is at least reckless.  In bankruptcy court, Judge William J. Lafferty found that Plaintiff's filings were part of a scheme to delay, hinder, or defraud creditors, a finding required to grant an *in rem* relief order.  11 USC § 362(d)(4); ECF 25-1.  Plaintiff's subsequent filings in this Court similarly sought to hinder Defendants' foreclosure sale and delay creditors' actions against the Property at issue and the filings contained many frivolous claims and arguments.  The Court finds that this conduct warrants sanctions under Rule 11.  *Fink*, 239 F.3d at 994. The Court acknowledges that Mr. Winkler indicated that he has a heavy caseload and relies on his team to prepare filings. The Court also notes Mr. Winkler's candor and respectful demeanor while appearing before the Court.  However, opposing counsel and this Court have put significant amounts of its limited time and resources into this case addressing Plaintiff's, at times, frivolous filings and attempting to make sense of indecipherable pleadings and requests.

The Court notes the mitigating circumstances which militate against a more severe form of sanction, however, in this case sanctions are warranted.

### C.    Plaintiff's Pending Motions Are Denied

Regarding Plaintiff's four pending motions: the motion for reconsideration, ECF 43, the emergency motion for stay pending appeal, ECF 44, a motion to dismiss for lack of jurisdiction, ECF 45, and a petition for declaration of due process violations, ECF 46, each have been denied.

Plaintiff does not cite any new evidence, clear error, or intervening change in controlling law so justify the Court's reconsideration of its February 23, 2026 ruling. *See Schroeder v. McDonald*, 55 F. 3d 454, 459 (9th Cir. 1995) ("A 'timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).'") (citations omitted). "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F. 3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F. 3d 734, 737 (9th Cir. 2001)). Plaintiff's remaining motions depend on the Court reconsidering its finding that Defendants had not violated an automatic stay because of the existence of a valid in

United States District Court
Northern District of California

rem relief order. The Court declines to revisit and reverse its ruling on these issues.

Accordingly, each of Plaintiff's pending motions are denied.

## II.    CONCLUSION

1.    Attorney Peter Winkler is personally sanctioned in the amount of $500. Within 21 days of the date of this order, Winkler shall pay this sanction to the Clerk of Court. The case number and a copy of this order should be included with payment.

2.    Within seven (7) days of this order, Winkler shall serve a copy of this order on Defendants.

3.    The Court orders the Clerk of the Court to serve a copy of this Order on the State Bar of California.

4.    The order to show cause issued on March 6, 2026 is hereby discharged.

This order resolves ECF 43, 44, 45, 46, 49, 51, 58, and 59.

IT IS SO ORDERED.

Dated: March 24, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

6